UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SUNTRUST BANK,**

          **Plaintiff,**

-vs-                                         **Case No. 6:11-cv-439-Orl-19KRS**

**JENNIFER D. THOMPSON a/k/a JENNIFER
DEAN THOMPSON a/k/a JENNIFER
THOMPSON a/k/a JENNIFER D. SCHULTZ
a/k/a JENNIFER DEAN SCHULTZ a/k/a
JENNIFER SCHULTZ a/k/a JENNIFER D.
EGGERS a/k/a JENNIFER DEAN EGGERS
a/k/a JENNIFER EGGERS,**

          **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion for Final Default Judgment against Defendant Jennifer D. Thompson by Plaintiff Suntrust Bank. (Doc. No. 14, filed July 18, 2011.)

## Background

Plaintiff Suntrust Bank ("Suntrust") has filed suit against Jennifer D. Thompson for breach of a debt instrument attached as Exhibit 1 to the Complaint ("Instrument"). (Doc. No. 1, filed Mar. 22, 2011.) Thompson was served with process on April 27, 2011. (Doc. No. 8 at 1, filed May 9, 2011.) On June 7, 2011, the Clerk of Court entered default against Thompson. (Doc. No. 12.) Suntrust now moves for entry of default judgment against Thompson and has attached an affidavit regarding the amount owed on the Instrument in support of its Motion. (Doc. No. 14.)

**Analysis**

Plaintiff seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), which provides as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

The Servicemembers Civil Relief Act ("SCRA") imposes an additional requirement for the entry of default judgment in "any civil action . . . in which the defendant does not make an appearance." 50 U.S.C. app. § 521(a); *see also* Fed. R. Civ. P. 55, supp. note ("The operation of Rule 55(b) (Judgment) is directly affected by the [SCRA, which] imposes specific requirements which must be fulfilled before a default judgment can be entered."). That requirement is as follows:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b). In lieu of an affidavit, the plaintiff may submit "a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." *Id.* § 521(b)(4).

The affidavit submitted by Suntrust in support of its Motion for Default Judgment does not fulfill the requirement for entry of default judgment imposed by the SCRA because the affidavit does not state whether Thompson is in military service or that Suntrust is unable to determine

whether Thompson is in military service. (Doc. No. 14-1 at 1-2.) Further, Suntrust's allegation in the Complaint that Thompson is not in the military, (Doc. No. 1 ¶ 10), is not an affidavit or "a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury" as expressly required by the SCRA. 50 U.S.C. app. § 521(b)(1), (4). Plaintiff's allegation in the Complaint that Thompson "is not subject to protection of the SCRA," (Doc. No. 1 ¶ 10), is also unavailing, as the requirement of a sworn or verified statement regarding the defaulting defendant's military status is required in "any civil action . . . in which the defendant does not make an appearance," 50 U.S.C. app. § 521(a)-(b), and Thompson has not made an appearance in this case.

Because Suntrust has not complied with the military status requirement of the SCRA necessary for obtaining a default judgment, the Motion for Default Judgment will be denied without prejudice to reassertion in compliance with the SCRA.

## Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Motion for Final Default Judgment against Defendant Jennifer D. Thompson by Plaintiff Suntrust Bank (Doc. No. 14) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 3, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party